# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 12, 2015

150642

JAMES H. DILUIGI and KRISTA J. DILUIGI,
      Plaintiffs-Appellees,

v

RBS CITIZENS N.A., f/k/a CHARTER ONE
BANK, N.A. and FREDDIE MAC,
      Defendants-Appellants,
and

CCO MORTGAGE,
      Defendant.

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

SC: 150642
COA: 310886
St Clair CC: 11-000815-CH

_____/

On order of the Court, the application for leave to appeal the September 9, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The Court of Appeals erred in holding that a genuine issue of material fact existed regarding notice. To the extent that the Court of Appeals rested its holding on the proposition that MCL 600.3204(4)(a), as amended by 2009 PA 29, requires a borrower to receive actual notice of his or her right to seek a home loan modification, see MCL 600.3205a to MCL 600.3205d [repealed by 2012 PA 521], the Court of Appeals is mistaken. As Judge Riordan's dissenting opinion correctly observes, MCL 600.3205a(3) simply requires that notice be given "by regular first-class mail and by certified mail, return receipt requested, with delivery restricted to the borrower, both sent to the borrower's last known address." Because it is undisputed that defendants complied with the statutory requirements by providing plaintiffs with both forms of mailed notice, summary disposition in favor of defendants was proper. For these reasons, we REINSTATE the May 31, 2012 judgment of the St. Clair Circuit Court that granted the defendants' motion for summary disposition.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 12, 2015 _____



Clerk

t0609